## MITCHELL *vs.* THE STATE OF GEORGIA.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

It is error to charge the jury that " the defendant must prove " that on the 9th of March, 1866—" on that exact day "—he and the woman he afterwards married lived together as man and wife, in order to show that his actual marriage with her afterwards was lawful and his prior marriage to another unlawful. It is enough if it appear from any evidence, either that of the state or defendant, that they lived together as man and wife on that day.

Criminal law. Husband and wife. Charge of Court. Before Judge CRISP. Sumter Superior Court. April Adjourned Term, 1879.

Mitchell was indicted for bigamy, and charged with having first married one Rosa Marshall, and afterwards one Fanny Scrutchins, also known as Fanny Mitchell. His line

of defense was that he was living with Fanny at the time of the passage of the act of 1866, and she therefore was his lawful wife; that the marriage to Rosa was void, and the subsequent formal union with Fanny was not illegal, even though it may have been unnecessary. He was convicted, and moved for a new trial. It was refused and he excepted.

For the other facts, see the opinion.

GUERRY & SON, for plaintiff in error.

C. B. HUDSON, solicitor-general, for the state.

JACKSON, Justice.

There does not appear to be any error in this record except in one charge of the court. It will be seen that the court charged the jury as follows:

"That in order for defendant to show that the relation of man and wife existed between him and Fanny on the 9th day of March, 1866, *he must prove* that he and Fanny were living together *on that exact day*, and that if he fails to do this, then he fails to prove the relation of man and wife under the act of 1866."

The jury may have been misled by this charge in two respects, and it is erroneous to that extent.

1. The words "on that exact day" are too strict. Of course it must appear either from the state's or the defendant's witnesses that the defendant lived with the woman he last married on the 9th of March, 1866, but proof that they so lived before and after that day—in that year—would convince the mind that they were living together on that day, and there is evidence looking that way. Especially ought the charge to have been qualified in view of the fact that defendant appears to have been gone to another county part of the time and yet to have provided for her in his absence—as a man would for his wife.

2. The charge that *defendant* must prove the fact may

have been understood to mean that he must prove it by his witnesses without regard to the evidence furnished by the state. According to the ruling in *Crawford vs. The State,* 12 *Ga.,* 142, this was erroneous.

Inasmuch as the case is rather close on the testimony on this material point, and in view of the situation of our recently emancipated population when the facts transpired, we think that the ends of justice require a new trial.

Judgment reversed.